BANK OF VALLEY CITY, a Corporation, Respondent, v. HENRY T. LEE, Appellant.

(175 N. W. 575.)

**Negotiable instruments — defense based on false and fraudulent representations — representations must have been false.**

1. In an action upon a non-negotiable note, a defense based upon false and fraudulent representations inducing its execution is not established in the absence of proof that the representations were false.

**Corporations — statements of solicitors as expressions of opinion.**

2. Statements of a solicitor engaged in selling stock, with reference to the future prospects of the business, are *held* to be expressions of an opinion, and not misrepresentations of fact.

**Corporations — negotiable instruments — lack of consideration not established.**

3. A defense of lack of consideration is not established where it is shown that

the defendant received stock for which the note in suit was given, and that he had enjoyed the rights of a stockholder.

**Corporations — failure of corporate venture not failure of consideration for subscription note.**

4. Mere failure of a corporate venture, resulting in disappointment to the ·stockholders, is not failure of consideration for a note given in exchange ·for stock.

**Corporations — evidence — conclusions and hearsay evidence properly excluded.**

5. It is *held* that certain evidence offered was properly excluded as amounting either to a conclusion or hearsay evidence.

Opinion filed October 20, 1919.  Rehearing denied December 9, 1919.

Appeal from District Court, Barnes County, *Coffey,* J.

Judgment affirmed.

*M. J. Englert,* for appellant.

It is elementary that a non-negotiable instrument is subject to all defenses in the hands of an assignee that could have been interposed by the party bound as against the original payee.  Clow v. Sweeney (N. D.) 172 N. W. 66.

And contracts to take stock in a corporation stand upon the same footing as all other conventional obligations.  If induced by fraud, that create no obligation, and the injured party has a right to have them abrogated.  The rule is universal, whatever fraud creates, justice will destroy.  Citing authorities; Raich v. Lindebeck, 36 N. D. 133, 161 N. W. 1026.

Manifestly there is no consideration for the stock subscriptions, and the law will not enforce a promise to pay good money for nothing.  13 C. J. 368; Shellburg v. Wilton Bank, 167 N. W. 723; Virginia Land Co. v. Haut, 90 Va. 533, 44 Am. St. Rep. 939; Zang v. Adams, 23 Colo. 408, 58 Am. St. Rep. 249, 48 Pac. 509; 10 Cyc. 427 (2) and authorities there cited.

The stock being absolutely worthless, though delivered, constituted no consideration; and the project having failed, a failure of consideration resulted.  10 Cyc. 394 (e) and authorities there cited; Taft v. Myerscough (Ill.) 64 N. E. 711; State Bank v. Cook (Iowa) 100 N. W. 72; Zang v. Adams, 23 Colo. 408, 58 Am. St. Rep. 249, 48 Pac. 509.

The consideration need not be returned or tendered when it is of no

value. Freeman v. Reagan, 26 Ark. 373; Adams v. Reed, 11 Utah, 480, 40 Pac. 720; Thurston v. Blanchard, 22 Pick. 18; Cook v. Gilman, 34 N. H. 556; Frost v. Lowry, 15 Ohio, 200; Duval v. Mowry, 6 R. I. 479.

There is a distinction between an action brought for the benefit of creditors generally and one brought by the corporation itself, or its assignee, for its or their personal benefit, and where no equities in favor of creditors are involved. Marion Trust Co. v. Blish (Ind.) 84 N. E. 814, 18 L.R.A.(N.S.) 347, and valuable note; Gress v. Knight (Ga.) 68 S. E. 834, 31 L.R.A.(N.S.) 900; Raich v. Lindebeck, 36 N. D. 133, 161 N. W. 1026; Pence v. Langdon, 25 L. ed. (U. S.) 420.

The fact that the defendant was elected a director, and was present at the meeting at which he was elected director and took some part therein, in no way effects an estoppel, or otherwise prevents him from setting up the defense of fraud or failure of consideration in this case. Maine v. Midland Invest. Co. (Iowa) 109 N. W. 801; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Guild v. More, 32 N. D. 432, 155 N. W. 55; Tacoma v. Tacoma Light & Water Co. 17 Wash. 471, 50 Pac. 55; Roberts v. Holliday, 10 S. D. 581, 74 N. W. 1034; Speed v. Hollingsworth, 54 Kan. 440, 38 Pac. 496.

*Winterer, Combs, & Ritchie,* for plaintiff.

A mere prophesy, an expressed opinion or belief concerning future events or conditions furnished no ground of defense on the theory of fraudulent representation. Farwell v. Colonial Trust Co. 147 Fed. 480.

To sustain an action for deceit based on fraud, there must not only have been false representations, but, contrary to the rule in suits for rescission, they must have been made fraudulently and intentionally. Pittsburgh Life & T. Co. v. Northern Cent. L. Ins. Co. 140 Fed. 888; Bell v. Morely, 223 Fed. 628; Hedin v. M. M. & S. Inst. 35 L.R.A. 417 and note; Heyrock v. Surerus, 9 N. D. 28, 81 N. W. 36.

In case of alleged fraud or misrepresentation in procuring a subscription to stock, the subscriber may be estopped to rescind because of his own conduct since making the subscription, and an act done after discovery of the fraud, inconsistent with its disaffirmance, will be held to be a waiver of it, at least in favor of the rights of creditors. 10 R. C. L. § 50. See note to Franklin Glass Co. v. Alexander, 9 Am. Dec. 102, under Estoppel, also case note found in 33 L.R.A. 722.

It is elementary that it is incumbent upon the party offering such proof to first show, by competent evidence, the official character and authority of the officer charged with having made admissions or statements claimed to be admissible as evidence in the controversy involved. Browning v. Hinckle, 48 Minn. 544, 51 N. W. 605; Bangs Mill. Co. v. Burns, 152 Mo. 350, 53 S. W. 923.

Admissions or declarations, in order to be received as evidence, must not relate to past events; they must have been made in the course of the transaction so as to constitu.e a part of the res gestæ. 3 Enc. Ev. 643; Jackson v. Mutual Ben. L. Ins. Co. 79 Minn. 43, 81 N. W. 545.

The power of a president of a corporation to make admissions or declarations which will be binding on the corporation, as to past events, cannot be inferred as incidental to the duties of an officer superintending the current dealings and business of the corporation. Smith v. North Carolina R. R. Co. 68 N. C. 107.

BIRDZELL, J. This is an appeal from a judgment entered upon a verdict which the court directed in favor of the plaintiff. The action was brought to recover upon a note for $1,000, which the defendant gave for stock in the Valley City Brick & Tile Company. The note was delivered on October 14, 1913, bearing interest at 8 per cent per annum. It is non-negotiable for the lack of words of negotiability; and at the time it was given the stock was delivered to the maker. The note became the property of the plaintiff bank by assignment. It appears that the Valley City Brick & Tile Company was a corporation organized for the purpose of manufacturing brick and tile, and that it was financed through the sale of stock to various persons in the community. Some work was done preparatory to carrying out the corporate purposes. This consisted of laying foundations for a plant building, erecting or partially erecting the superstructure, and building a spur track connecting with the tracks of the railway company. After considerable work had been done and money expended, the project was either deemed not to be feasible or lacked sufficient financial support. At any rate it was abandoned. It appears that at the time the defendant gave the note in question the construction work above referred to had been begun. As defense to the note the defendant has pleaded: (1) Fraud in the inception consisting of alleged false and fraudulent

representations inducing the execution; (2) failure of consideration, in that the corporation became defunct and the project abandoned; and (3) that the note, being non-negotiable, is subject to all defenses. This is admitted.

In support of the defense of fraud the defendant testified that one S. L. Davidson, the president of the Valley City Brick & Tile Company, came to his place and delivered verbally a glowing prospectus of the company, stating, among other things, that the leading business men in Valley City and a few farmers had taken stock, and naming some of the former. He also exhibited samples of brick supposed to have been made from the clay which it was proposed to use. On cross-examination the defendant Lee admitted that so far as he knew Davidson had told him the truth concerning the men in Valley City who were stockholders in the company. No evidence whatever was adduced to establish the falsity of the claim that the bricks were not made from the clay the company proposed to use for manufacture. On the contrary, the defendant Lee states in his testimony that the bricks exhibited were made from that clay, although the source of this knowledge is neither apparent nor material. So the falsity of these misrepresentations is not established.

In so far as the defendant relies upon misrepresentation concerning the prospect that the business of the company would be a success, it is clear from the testimony of the defendant himself that Davidson's statements amounted to no more than prophecy or the mere expression of an opinion. The substance of what he said was that if the plant was constructed and put in operation it would be a good thing for the city, and a paying investment. This could not be reasonably construed otherwise than as the expression of an opinion merely. It clearly did not amount to a misrepresentation of fact.

As to the defense of lack of consideration, it is undisputed that the defendant got the stock for which the note was given, and that he participated in stockholders' meetings and that the corporation perfected its organization as a corporation. The most that can be said is that the venture was a failure and that the stockholders were disappointed. Failure and disappointment alone, however, do not amount to a showing of lack of consideration. In the absence of fraud there is no reason why a stockholder who has given a note for his stock, and who has

enjoyed the rights of a stockholder, should be relieved of liability upon his note, and thus be placed in a position superior to those who had paid for their stock in case and were similarly disappointed. The corporation was not a guarantor of its own success, and since the defendant has failed to prove that the contract was induced by the fraudulent representations alleged, he is in no better position to resist payment than another stockholder would be to obtain a return of money expended for stock. They were participating in the venture on equal terms as stockholders, and must shoulder the obligations that are incidental to that relationship, and be permitted to share in such rights as may be available upon a liquidation of the affairs of the corporation. No defense to the obligation has been established.

The appellant has also argued some assignments of error based upon the exclusion of evidence. It appears that after the defendant had rested and the plaintiff had moved for a directed verdict, the motion was argued to the court, and then an adjournment was taken to a subsequent day. Upon reconvening, the defendant's counsel moved that the case be reopened to enable him to supply testimony covering some omissions. The witness Lee was placed upon the stand, and was asked concerning his knowledge as to whether the clay contemplated to be used would make brick such as the sample shown by Davidson when he sold the stock. This testimony was properly excluded as being a mere conclusion of the witness. Following this an attempt was made to prove by the same witness that he had been told by one Ramsett, an officer of the corporation, after he had given the note but before the note in suit was due, that the clay would not make brick; that Ramsett had ascertained this fact by making an investigation and having the ground tested. Before ruling on the offer of proof, the court ascertained that Ramsett had taken samples to three different chemists, and had made his statement to Lee apparently upon the basis of the reports of the chemists. This evidence was clearly incompetent on the issue of fraud, as it had no tendency to prove knowledge on the part of the solicitor. It related to facts learned subsequent to the sale of the stock to Lee. Even if the ultimate fact of the unfitness of the clay for the purpose had a bearing upon any other issue in the case, the evidence offered was still incompetent because it was clearly hearsay as to that fact. It does not appear that any statement made by

Ramsett to Lee had a bearing on any business which was then being transacted between Lee and the corporation, so the statement is not competent as an admission. The exclusion was therefore proper.

An attempt was also made to have the secretary of the company testify to the results of the investigation conducted by the president of the company, but inasmuch as the previous testimony had disclosed that the results of that investigation were contained in reports which were not offered, the objection was properly sustained.

Finding no error in the record, the judgment is affirmed.

CHRISTIANSON, Ch. J., and BRONSON, J., concur.

GRACE, J. I dissent.

ROBINSON, J. I dissent for the reason that the record clearly shows a partial and material failure of consideration. There does not appear to be either justice or equity in compelling defendant to pay the full amount of the promissory note.